1
2
3
4
5
6

# UNITED STATES DISTRICT COURT

7

## DISTRICT OF NEVADA

8

9  THEODORE STEVENS,

10          Petitioner,                                    Case No. 3:12-cv-00081-RCJ-WGC

11  vs.                                                    **ORDER**

12  ROBERT LE GRAND, et al.,

13          Respondents.

14

15          Before the court are the first amended petition for writ of habeas corpus (#15), respondents'

16  motion to dismiss (#32), petitioner's opposition (#38), and respondents' reply (#39).  The court

17  finds that petitioner has procedurally defaulted most of his grounds for relief and that he has not

18  shown cause and prejudice to excuse the defaults.  The court grants the motion.

19          A federal court will not review a claim for habeas corpus relief if the decision of the state

20  court regarding that claim rested on a state-law ground that is independent of the federal question

21  and adequate to support the judgment.  Coleman v. Thompson, 501 U.S. 722, 730-31 (1991).

22          In all cases in which a state prisoner has defaulted his federal claims in state court
            pursuant to an independent and adequate state procedural rule, federal habeas review
23          of the claims is barred unless the prisoner can demonstrate cause for the default and
            actual prejudice as a result of the alleged violation of federal law, or demonstrate that
24          failure to consider the claims will result in a fundamental miscarriage of justice.

25  Id. at 750; see also Murray v. Carrier, 477 U.S. 478, 485 (1986).

26          To demonstrate cause for a procedural default, the petitioner must "show that some objective

27  factor external to the defense impeded" his efforts to comply with the state procedural rule.  Carrier,

28  477 U.S. at 488.

1    To show prejudice, "[t]he habeas petitioner must show 'not merely that the errors at . . . trial

2    created a possibility of prejudice, but that they worked to his actual and substantial disadvantage,

3    infecting his entire trial with error of constitutional dimensions.'" Carrier, 477 U.S. at 494 (quoting

4    United States v. Frady, 456 U.S. 152, 170 (1982)) (emphasis in original).

5    Ground A of the first amended petition is a claim that petitioner's rights under the

6    constitution and Miranda v. Arizona, 384 U.S. 436 (1966), were violated by the admission into

7    evidence of his statements at trial.  Petitioner's statements can be divided into two categories.  First,

8    after security officers at a casino in Primm, Nevada, found petitioner and his girlfriend carrying out

9    his girlfriends deceased baby, police officers questioned petitioner twice in Primm.  The responses

10   of petitioner and his girlfriend led to petitioner being arrested.  Second, while petitioner was being

11   driven to the county jail, he started a conversation with the officer.  After he arrived at the jail, he

12   asked the officer to speak with the detective investigating the case, because petitioner wanted to

13   state what happened.  The officer told petitioner to tell the officer what he wanted to say first.  The

14   officer did not want to contact the detective if petitioner simply would tell the same story that he had

15   told earlier, which the police had found unbelievable.  Petitioner then said what he had done to the

16   baby.  The officer called the detective, who came to the jail, warned petitioner pursuant to Miranda,

17   and then interrogated petitioner about what had happened.

18   In the state court proceedings, petitioner first was represented by the county public defender.

19   The public defender moved to suppress petitioner's statements given to the officer at the jail before

20   the officer called the detective, and given to the detective after the Miranda warnings.  The public

21   defender did not move to suppress petitioner's statements that he had given in Primm.  The trial

22   court denied the motion.  Petitioner then sought and received permission to represent himself.  He

23   went to trial.  The jury found him guilty of, and the trial court convicted him of, first-degree murder.

24   Ex. 2 (#17).  Petitioner appealed.  The Nevada Supreme Court did not allow petitioner to represent

25   himself on appeal.  The county public defender was appointed to represent petitioner on appeal.

26   Appellate counsel raised one issue, whether the statements given to the officer and the detective at

27   the jail were involuntary.  See Ex. 28 (#18).  The Nevada Supreme Court affirmed the judgment of

28   conviction.  Ex. 30 (#18).

Petitioner then filed in state district court a post-conviction habeas corpus petition.  Ground 3 of that petition repeated the claim that the statements given at the jail were involuntary.  Ground 3 of that petition also newly claimed that the statements given in Primm also were involuntary.  Ex. 35, at 5 (#19).  The state district court held:

> 18.     In Claim III of his petition, Defendant claimed that his confession was not voluntary and thus not properly admitted into evidence.  Because the Nevada Supreme Court determined that Defendant's statements were volunteered and not the product of an "interrogation" this claim is barred by the doctrine of law of the case and this Court declines to reconsider the issue.

Ex. 84, at 4 (#21).  The Nevada Supreme Court did not address specifically the statements taken at or near the casino.  It did hold that other grounds that could have been raised on direct appeal, but were not, were procedurally barred because petitioner had failed to demonstrate good cause for the failure to raise them on direct appeal.  Ex. 93, at 5 (citing Nev. Rev. Stat. § 34.810(1)(b)) (#22).

Respondents and petitioner agree upon what is not procedurally defaulted in ground A. Petitioner's claim that the statements given to the officer and the detective at the jail is before the court properly.  Petitioner's claim that trial counsel provided ineffective assistance by not challenging the statements given in Primm is before the court properly.  Petitioner's claim that appellate counsel provided ineffective assistance by not raising on direct appeal the issue of the statements given in Primm is before the court properly.  The procedural default, if there is one, is only regarding the underlying claim that the admission of petitioner's statements given in Primm were involuntary.

There are two ways that the court can consider this claim.  First, it could have been barred by Nev. Rev. Stat. § 34.810(1)(b).  Second, because the Nevada Supreme Court did not mention the claim specifically, the court could look through the Nevada Supreme Court's decision to the decision of the state district court.  See Ylst v. Nunnemaker, 501 U.S. 797 (1991).  If the claim about the admission of the statements given in Primm is indeed a claim separate from the admission of the statements given at the jail, then the use of Nevada's law of the case doctrine in this case does operate as a procedural default.  The state district court used a state-law reason why it did not reach the merits of the claim.  Either way, the claim is procedurally defaulted.

1    Petitioner argues that the ineffective assistance of appellate counsel is cause to excuse the

2    procedural default.  A petitioner claiming ineffective assistance of counsel must demonstrate (1) that

3    the defense attorney's representation "fell below an objective standard of reasonableness,"

4    Strickland v. Washington, 466 U.S. 668, 688 (1984), and (2) that the attorney's deficient

5    performance prejudiced the defendant such that "there is a reasonable probability that, but for

6    counsel's unprofessional errors, the result of the proceeding would have been different," id. at 694.

7    Petitioner cannot prove either deficient performance by counsel or prejudice.  Petitioner told

8    the police in the interviews in Primm that the baby must have died from rolling off the bed during

9    the night.  Ex. 117, at 27-31 (#23); Ex. 118, at 19-21 (#23).  At trial, petitioner started his opening

10   statement with the same theory.  Ex. 185, at 68-69 (#26).  Appellate counsel could not challenge on

11   direct appeal the admissibility of statements when petitioner himself used those statements at trial.

12   Consequently, ground A is procedurally defaulted in part.  The court will not consider a

13   claim that petitioner's statements given at or near the casino were admitted in violation of the

14   constitution.

15   Ground B are claims that the confrontation clause of the Sixth Amendment was violated

16   because petitioner was unable to call Duchess Davis, his girlfriend, and Dr. Ronald Knoblock, who

17   performed the medical examination of the baby, as witnesses at trial.  Petitioner presented the same

18   claims in his state habeas corpus petition.  The Nevada Supreme Court held that the claims were

19   procedurally barred pursuant to Nev. Rev. Stat. § 34.810(1)(b) because petitioner did not raise them

20   on appeal and not demonstrate cause for the failure.  Ex. 93, at 5 (#22).

21   Petitioner argues that appellate counsel should have raised these claims on direct appeal, and

22   that the ineffective assistance of appellate counsel is cause to excuse the procedural default.

23   Petitioner does not allege what Davis's testimony would have been.  Therefore, he has not

24   demonstrated any possible prejudice from the lack of her testimony.

25   At trial, another medical examiner testified about the contents of Dr. Knoblock's report.  Dr.

26   Knoblock testified at the preliminary hearing.  His testimony indicated that the baby suffered

27   injuries to her head greater than what petitioner admitted in his statement at the jail to the detective.

28   See Ex. 168, at 9-10 (#25).  If Dr. Knoblock would have testified similarly at trial, then petitioner

-4-

would not have helped his case.  Petitioner's argument that the prosecutor did not ask the same question of the medical examiner who reviewed Dr. Knoblock's report that he asked of Dr. Knoblock—what could have caused the injuries suffered—does not demonstrate any prejudice. Petitioner's argument that the injuries were inconsistent with his confession does not necessarily mean that he did not cause the injuries.  It could also mean that the confession was incomplete, and bringing out the inconsistency could have made the jury more aware of that fact.  Petitioner has not demonstrated any prejudice from appellate counsel not raising this issue on direct appeal.  Ground B is procedurally defaulted.

Ground C is a claim that the prosecutor made an impermissible and inflammatory argument. He raised the claim in his state habeas corpus petition.  The Nevada Supreme Court held that the claim was procedurally barred pursuant to Nev. Rev. Stat. § 34.810(1)(b) because petitioner did not raise it on appeal and not demonstrate cause for the failure. Ex. 93, at 5 (#22).

In his closing argument, petitioner stated:

It's just sad that it has to be this way.  Ladies and Gentlemen, the State and the police prior, tried to imply that my actions were of a cover up.

The police did not arrive for a very long time, did not arrive for a very long time.  If I killed that baby, I wouldn't even have been there the next day.  I would have left that night.

The baby is dead.  Duchess in the room asleep.  I'm outta here, gone.  I probably would have been in Mexico.

No, I was there the next day.

Why?  Because I tried to get help for that baby.  Let's say I killed that baby and I'm still there?  I know 911 is on the way.

Look at all these avenues of escape I had.  My car wouldn't start.  You have to consider nothing only but an Act of God.

That car started every time except that morning.  God didn't want that car to start.  Maybe if that car would have started, that would have implied guilt.  Because it did not start, it is what it is.

I had many, many chances to escape and flee the scene on foot, on a bus, on a cab.  I didn't When I seen 911 taking so long to get there, of course I said they are not coming, they've been called. Jimmy Banko tells Alex 911 has been called.  911 tells Duchess is 911 has been called.

Ex. 188, at 50-51 (#26-7).  After petitioner concluded, the prosecutor said in rebuttal:

He says it was an Act of God that that car didn't start.  I guess it's one thing I wouldn't dispute, but it wasn't so that it proved his innocence.

It was so that the death and murder of Russia would be discovered, because I suggest to you had that care started and they drove off that day Russia would have been discarded and we would not be here.  Her death would never have been known.

Ex. 188, at 52-53 (#26-7).  The prosecutor's mention of an act of God did not come from nowhere.  The prosecutor was responding to petitioner's argument that the failure of his car to start was an act of God.  Petitioner did himself no favors with that argument, because he was implying that if the car did start, and if he did drive away, then he would be guilty.  The prosecutor did nothing but follow that logic.  Furthermore, the prosecutor's argument was based upon the circumstantial evidence of the case.  Petitioner and his girlfriend walked out of a casino with a dead baby.  Valets tried to retrieve petitioner's car, but it would not start.  Casino security, having been alerted to the baby's condition by the girlfriend's relatives, found and detained petitioner and his girlfriend until police could arrive.  It is not prosecutorial misconduct to suggest to the jury, based upon that evidence, that petitioner was trying to escape from the casino with the dead baby before he could be caught.  Petitioner has suffered no prejudice from appellate counsel not raising this claim on direct appeal.  Ground C is procedurally defaulted.

Ground D of the first amended petition is a claim that the trial judge's actions and bias against petitioner violated petitioner's right to a fair trial.  Petitioner raised the claim in his state habeas corpus petition.  The Nevada Supreme Court held that the claim was procedurally barred pursuant to Nev. Rev. Stat. § 34.810(1)(b) because petitioner did not raise it on appeal and not demonstrate cause for the failure. Ex. 93, at 5 (#22).  Having reviewed the comments that petitioner has quoted in ground D, the court agrees with respondents that the judge was trying to keep the case moving along, and the comments did not express any bias, nor did they overcome the presumption of innocence.  Petitioner has suffered no prejudice from appellate counsel not raising this claim on direct appeal.  Ground D is procedurally defaulted.

IT IS THEREFORE ORDERED that respondents' motion to dismiss (#32) is **GRANTED**.  Grounds B, C, and D of the first amended petition (#15) are **DISMISSED** with prejudice as procedurally defaulted.  Ground A of the first amended petition (#15), to the extent that it claims

-6-

that petitioner's statements given in Primm, Nevada were unconstitutionally admitted into evidence, is **DISMISSED** with prejudice as procedurally defaulted.

IT IS FURTHER ORDERED that respondents shall have forty-five (45) days from the date of entry of this order to file and serve an answer, which shall comply with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts.  Petitioner shall have forty-five (45) days from the date on which the answer is served to file a reply.

Dated:   March 24, 2014.

_____
ROBERT C. JONES
United States District Judge