# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

THEODORE STEVENS,

    Petitioner,

vs.

ROBERT LE GRAND, et al.,

    Respondents.

Case No. 3:12-cv-00081-RCJ-WGC

**ORDER**

    Before the court are petitioner's motion to vacate judgment (ECF No. 67) pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, respondents' opposition (ECF No. 68), and petitioner's reply (ECF No. 71). Petitioner does not argue which part of Rule 60(b) justifies relief from the judgment. He argues that the court erred when it found part of ground A of the first amended petition to be procedurally defaulted. See ECF No. 40, at 2-4. Petitioner points to no facts that the court overlooked. Petitioner provides no new information that would lead the court to change its decision. Petitioner simply disagrees with the court's decision. This is a matter that petitioner could have raised on appeal.[1]

    In a document titled as a supplement to the motion to vacate (ECF No. 72), petitioner presents what actually is a new argument. In its order denying the petition, the court noted that it could not consider the report of an expert when determining whether the Nevada Supreme Court

---

[1] This court denied a certificate of appealability on the procedural default of this part of ground A, but petitioner could have sought a certificate of appealability from the court of appeals. He did not.

1 applied federal law reasonably, because that report was not part of the record before the state court. ECF No. 49, at 8. This argument also is nothing more than a disagreement with this court's ruling, and petitioner could have raised it on appeal.

In another document titled as a supplemental motion to vacate (ECF No. 75), petitioner argues that the court should rule upon a presentment-delay claim that he raised in his initial, proper-person petition (ECF No. 9) but that counsel did not raise in the first amended petition (ECF No. 15). The first amended petition superseded the initial, proper-person petition. Counsel waived the presentment-delay claim because counsel did not include it in the first amended petition. It is as if petitioner never raised the claim before the court. Petitioner is trying to litigate a new claim through a Rule 60(b) motion. That makes the supplemental motion to vacate effectively a second or successive petition. Petitioner must obtain authorization from the court of appeals for a second or successive petition before he can pursue it in this court. 28 U.S.C. § 2244(b).

Petitioner has filed a motion for substitution of counsel (ECF No. 70) and a motion for substitute counsel (ECF No. 74). The Federal Public Defender withdrew from representing petitioner after the court of appeals affirmed this court's denial of the first amended petition. Petitioner now wants new counsel. The court denies these motions because the court is denying the motions to vacate.

To the extent that a decision on a certificate of appealability is necessary, the court concludes that reasonable jurists would not find the court's determinations to be debatable or wrong. The court will not issue a certificate of appealability.

IT IS THEREFORE ORDERED that petitioner's motion to vacate judgment (ECF No. 67) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's supplemental motion to vacate (ECF No. 75) is **DENIED**.

IT IS FURTHER ORDERED that petitioner's motion for substitution of counsel (ECF No. 70) is **DENIED**.

///

///

IT IS FURTHER ORDERED that petitioner's motion to substitute counsel (ECF No. 74) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **DENIED**.

DATED: September 30, 2017.

_____
ROBERT C. JONES
United States District Judge