UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THEODORE STEVENS,

Petitioner,

v.

ROBERT LEGRAND,

Respondent.

Case No. 3:12-cv-00081-ART-CLB

ORDER

Petitioner Theodore Stevens commenced this federal habeas action on February 9, 2012. (ECF No. 1.) This Court appointed counsel for Stevens, and Stevens filed a counseled First-Amended Petition. (ECF Nos. 8, 15.) This Court evaluated the merits of Stevens's First-Amended Petition and denied Stevens federal habeas relief on April 13, 2015. (ECF No. 49.) Judgment was entered. (ECF No. 50.) Stevens appealed, and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed on June 22, 2016. (ECF Nos. 51, 55.) The Ninth Circuit denied Stevens's petition for rehearing *en banc.* (ECF No. 64.) Stevens then filed an unsuccessful petition for certiorari with the United States Supreme Court. (ECF No. 73.) On December 1, 2016, Stevens moved to vacate his judgment, and this Court denied Stevens's motion. (ECF No. 67, 76.) Stevens appealed that denial, and the Ninth Circuit denied Stevens a certificate of appealability. (ECF Nos. 77, 79.)

Stevens has now filed a motion to reopen this case, a motion for oral argument, a motion to reappoint counsel, and a motion for order granting motion to reopen. (ECF Nos. 81, 83, 84, 86.) In his motion to reopen this case, Stevens argues that this Court made "erroneous procedural default ruling[s]." (ECF No. 81.) This Court interprets Stevens's motion as a motion to alter or amend the Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. Absent highly

1

unusual circumstances, reconsideration under Rule 59(e) is "available only when (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016). Importantly, a "motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Judgment was entered in this case on April 13, 2015, making the instant motion extremely untimely. Moreover, Stevens already unsuccessfully appealed this Court's determination that various grounds within his First Amended-Petition were procedurally defaulted. (*See* ECF No. 52 ("Stevens also appeals from the March 24, 2014, Order dismissing certain grounds as procedurally defaulted."), 64.) Further, Stevens raised this same argument in his December 1, 2016, motion to vacate his judgment, and this Court already considered and denied it. (ECF No. 76.) Accordingly, this Court denies the motion to reopen this case. And given this denial, this Court also denies Stevens's motion for oral argument, motion to reappoint counsel, and motion for order granting motion to reopen.

It is therefore ordered that the motion to reopen this case, motion for oral argument, motion to reappoint counsel, and motion for order granting motion to reopen (ECF Nos. 81, 83, 84, 86) are denied. To the extent necessary, a Certificate of Appealability is also denied.

DATED THIS 19th day of February 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE