UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

THEODORE STEVENS,

Petitioner,

v.

ROBERT LEGRAND,

Respondent.

Case No. 3:12-cv-00081-ART-CLB

ORDER

Petitioner Theodore Stevens commenced this federal habeas action on February 9, 2012. (ECF No. 1.) This Court appointed counsel for Stevens, and Stevens filed a counseled First-Amended Petition. (ECF Nos. 8, 15.) This Court evaluated the merits of Stevens's First-Amended Petition and denied Stevens federal habeas relief on April 13, 2015. (ECF No. 49.) Judgment was entered. (ECF No. 50.) Stevens appealed, and the United States Court of Appeals for the Ninth Circuit ("Ninth Circuit") affirmed on June 22, 2016. (ECF Nos. 51, 55.) The Ninth Circuit denied Stevens's petition for rehearing *en banc.* (ECF No. 64.) Stevens then filed an unsuccessful petition for certiorari with the United States Supreme Court. (ECF No. 73.)

On December 1, 2016, Stevens moved to vacate his judgment, and the Court denied Stevens's motion. (ECF No. 67, 76.) Stevens appealed that denial, and the Ninth Circuit denied Stevens a certificate of appealability. (ECF Nos. 77, 79.) Stevens filed a motion to reopen this case, a motion for oral argument, a motion to reappoint counsel, and a motion for order granting motion to reopen. (ECF Nos. 81, 83, 84, 86.) The Court denied these motions on February 19, 2026. (ECF No. 89.) Stevens then filed a motion to vacate the Court's order denying reopening and motion to vacate other filings in this action. (ECF Nos. 94, 95.) The Court denied these motions on April 16, 2026. (ECF No. 98.) In this Order,

Stevens was warned that if he continued to file frivolous motions in this matter, the Court would direct the Clerk of Court to designate him as a restricted filer, prohibiting from filing anything further in this case. (*Id.*)

Stevens has now filed a motion to withdraw motion to vacate, motion for appointment of counsel, motion to amend, a second motion for appointment of counsel, a motion to vacate, a supplemental motion to reopen this case, a motion for relief from the judgment, a request for Respondent to stipulate that his interrogation violated *Seibert,* a request for Respondent to stipulate that the state court erroneously defaulted his claims, a motion directing Respondent to file in further state court proceedings, a request for stipulation for *Primm* adjudication, a motion to vacate a previous order, a motion for order releasing him from custody, a second motion to vacate, four motions to strike, a motion for evidentiary hearing, a renewed motion for appointment of counsel, a petition of writ of prohibition, various supplements, and various notices. (ECF Nos. 99, 101, 102, 103, 104, 105, 106, 107, 108, 109, 112, 113, 114, 115, 116, 118, 119, 120, 121, 124, 125, 126, 127, 128, 129, 130, 131.) These twenty-eight documents were filed by Stevens between April 17, 2026, and July 7, 2026. (*See id.*)

Respondent filed a motion for an extension of time to respond to the motion to reopen and a motion for an extension of time to respond to the motion for relief from the judgment. (ECF Nos. 110, 111.) Respondent then filed his response to the motion to reopen on June 15, 2026, and his response to the motion for relief from the judgment on June 22, 2026. (ECF Nos. 117, 122.) Finally, Respondent filed a motion to be relieved from responding to Stevens's motions absent a Court order to do so. (ECF No. 123.)

First, the Court finds that good cause exists to grant Respondent's two motions for extension of time, *nunc pro tunc.* Second, Stevens fails to present any new authority or basis for the Court to reconsider its prior decisions to deny reopening and to deny post-judgment relief. This case has been closed since

2015, and Stevens has exhausted all means for relief in this matter. Third, given Stevens's continual filing of frivolous motions and disregard for the Court's warning that such action would not be tolerated, the Court will direct the Clerk of Court to designate Stevens as a restricted filer in this matter and to not accept any further filings in this closed action other than a notice of appeal from this Order. Fourth, the Court finds that Respondent's request to be relieved from responding to future motions is moot considering the Court's restriction.

It is therefore ordered that the motions (ECF Nos. 99, 102, 103, 104, 105, 106, 107, 109, 113, 114, 115, 116, 119, 120, 121, 124, 126, 127, 128, and 129) are denied.

It is further ordered that the motions for extension of time (ECF Nos. 110, 111) are granted. Respondent's responses (ECF Nos. 117, 122) are found to be timely filed.

It is further kindly ordered that the Clerk of Court designate Stevens as a restricted filer in this matter. The Clerk shall return unfiled any further papers submitted by Stevens in this matter other than a notice of appeal from this Order.

It is further ordered that the motion for Respondent to be relieved from responding to future motions (ECF No. 123) is denied as moot.

It is further ordered that, to the extent required, a Certificate of Appealability is denied, as jurists of reason would not find the Court's disposition of Stevens's motions to be debatable or incorrect.

DATED THIS 9th day of July 2026.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE

3